UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom,  Petitioner,  vs.  State of South Carolina; Warrant K295040; and Warrant K380533,  Respondents. | C/A No.: 3:12-101-RMG-JRM  Report and Recommendation |

Petitioner Christopher Odom, proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee in the Charleston County Detention Center (CCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge.

A review of Petitioner's pleading and exhibits reveals that he is being held at the CCDC on charges of assault and disorderly conduct. He alleges he has been held beyond the maximum amount of time these charges carry. He states that his motion to dismiss was denied, and that the Respondents are fraudulently attempting to place him under felony statutes concerning misdemeanor charges. He further alleges he was denied access to court proceedings on four different dates beginning November 15, 2010 and running through December 5, 2011. Petitioner alleges the "accusers" have repeatedly failed to appear in court. He seeks declaratory and injunctive relief because he claims his Constitutional rights have been violated.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted

in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70 (2nd Cir. 1975). Even under this less stringent standard, the petition for writ of habeas corpus is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387(4th Cir. 1990).

As an initial matter, Petitioner may not bring suit against the State of South Carolina or th two warrant numbers in his petition for writ of habeas corpus. A prisoner's custodian is the only proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

Additionally, federal courts are not authorized to interfere with a State's pending criminal proceedings, absent extraordinary circumstances. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971); *Harkrader v. Wadley*, 172 U.S. 148 (1898); *Taylor v. Taintor*, 83 U.S. 366 (1873); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue,* the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v.*

*Gilchrist*, 887 F.2d at 52; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331 (8th Cir. 1975)(*en banc*). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner*, 526 F.2d at 1336.

Furthermore, a state-prisoner must exhaust his available state-remedies by presenting his federal-constitutional claim to the state courts as a condition-precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). If the petitioner is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *Castille v. Peoples*, 489 U.S. 346 (1989). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* S.C.Code Ann. § 17-27-10, *et seq*. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* S.C.Code Ann. § 17-27-100; and *Knight v. State*, 325 S.E.2d 535 (S.C. 1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at S.C.Code Ann. § 17-27-10 *et seq*., is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

## **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents.

Joseph R. McCrorey
United States Magistrate Judge

March 13, 2012
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).