IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> State of South Carolina; Warrant K295040; ) <br> and Warrant K380533 ) <br> ) <br> Respondents. ) <br> _____ ) | Civil Action No.: 3:12-101-RMG <br><br> **ORDER** |

Petitioner, proceeding *pro se* and *in forma pauperis*, was a pretrial detainee in the Charleston County Detention Center (CCDC) at the time this action was filed. Petitioner brought this action seeking relief pursuant to 28 U.S.C. Section § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. The Court issued an Order specifically instructing Petitioner to always keep the Clerk of Court advised in writing of any change in address. (Dkt. No. 6). On March 13, 2012, the Magistrate issued a Report and Recommendation recommending that Petitioner's writ of habeas corpus be dismissed based on the *Younger* abstention doctrine and Petitioner's failure to exhaust his state remedies. (Dkt. No. 7). The Magistrate's Report and Recommendation could not be delivered to Petitioner because Petitioner's address apparently changed. (Dkt. No. 9). Petitioner did not advise the Clerk of Court of a change in address. As explained herein, the Court adopts the Magistrate's Report and Recommendation and dismisses Petitioner's writ of habeas corpus without prejudice and without issuance of service or process.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

In this case, the Court specifically instructed Petitioner that he could face dismissal of his case if he did not fulfill his obligation of keeping the Clerk of Court informed of any change of address. (Dkt. No. 6). As Petitioner has not notified the Clerk of Court of a new address and the Report and Recommendation was returned to the Clerk of Court by the U.S. Postmaster, Petitioner obviously has not received the Report and Recommendation, and consequently, he did not file any objections to the Report and Recommendation. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the Report's recommendation. *See Camby*, 718 F.2d at 200. After carefully reviewing the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Court adopts the Magistrate's Report and

Recommendation in its entirety. Petitioner's writ of habeas corpus is dismissed without prejudice and without issuance and service of process.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

April 3, 2012